IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RED RIVER AGVIATION, INC.                                                               PLAINTIFF

V.                                      CASE NO. 14-CV-4069

PROFESSIONAL AVIATION INSURANCE
RECIPROCAL; RISK SERVICES, LLC;
T. EDWARDS, LLC; TREVOR EDWARDS,
INDIVIDUALLY; AND JOHN DOES 1-5                                                       DEFENDANTS

## AMENDED ORDER

The Court's original Order (ECF No. 36) is amended to clarify the parties have stipulated that the claims against Defendant be dismissed with prejudice. The Amended Order reads as follows:

Before the Court is a Stipulation of Voluntary Dismissal. (ECF No. 31.) The stipulation was filed pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and signed by all parties. Federal Rule of Civil Procedure 41(a)(1)(A)(ii) states that a plaintiff may voluntarily dismiss an action "without a court order by filing a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). "Caselaw . . . is clear that the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval." *Gardiner v. A.H. Robins Co., Inc.*, 747 F.2d 1180, 1189 (8th Cir. 1984). Here, the stipulation of dismissal, which was effective when filed on August 20, 2014, divested the Court of jurisdiction over this matter. The pending motions in this case are moot. *See Marex Titanic, Inc. v. Wrecked & Abandoned Vessel*, 2 F.3d 544, 547-48 (4th Cir. 1993) (holding that after the plaintiff voluntarily dismissed its action, "the district court had no discretion to allow [a nonparty] to intervene in the defunct action").

Accordingly, all claims against Defendants are hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 2nd day of October, 2014.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge